GARCHOW v DEPARTMENT OF CIVIL SERVICE

Docket No. 77-2967. Submitted April 4, 1978, at Lansing.—Decided February 5, 1979.

Plaintiff, Frederick G. Garchow, an officer and polygraph examiner for the Michigan State Police, submitted a request to his superiors for permission to engage in part-time employment as a polygraph examiner for private individuals. This request for supplemental employment was originally approved by his immediate superiors. However, this request was ultimately denied by plaintiff's appointing authority because of a possible conflict of interest.

Plaintiff pursued his civil service grievance procedure. A hearing was conducted and the civil service hearing officer rendered an opinion denying the plaintiff's request on grounds that a "reasonable foreseeability of conflict of interest" existed and that existing rules could properly be used to support the denial of the plaintiff's request. The plaintiff's application for leave to appeal to the Michigan Civil Service Commission was denied.

The plaintiff subsequently filed a petition in Ingham Circuit Court for review of the hearing officer's decision. Thomas L. Brown, J., held that the denial of the plaintiff's request to engage in supplementary employment was not supported by competent, material and substantial evidence on the whole record and thus that no factual foundation for the denial existed. Consequently, he reversed the ruling of the hearing officer. The Michigan Department of Civil Service and the Department of State Police appeal, contending that the hearing officer's ruling was supported by competent, material and substantial evidence that the plaintiff's application correctly was denied due to the potential for conflict of interest. *Held:*

The department rules of the civil service and the state police in such cases focus upon the presence of conflict of interest with existing state employment. Therefore, the Court of Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]63 Am Jur 2d, Public Officers and Employees § 280.
[2, 3]2 Am Jur 2d, Administrative Law §§ 550, 617, 678-691.

peals is limited on appeal in this case to determining whether the hearing record discloses "competent, material and substantial evidence" for the denial of plaintiff's request. The only evidence on the hearing record which supported the denial of the request was the conclusions and opinion testimony of an officer of the state police, which were not based on substantial empirical data or practical experience. There was no "competent, material and substantial evidence" in the record to justify the finding of the hearing officer.

The circuit court decision is affirmed.

1. ADMINISTRATIVE LAW — STATE EMPLOYEES — SUPPLEMENTAL EMPLOYMENT — CONFLICT OF INTEREST — STATUTES.

The test to be used to determine the propriety of requests by public officers or employees for supplemental employment is the potential for conflict of interest between the supplemental employment and existing state employment (MCL 15.342; MSA 4.1700[72], since repealed).

2. APPEAL AND ERROR — ADMINISTRATIVE LAW — CONSTITUTIONAL LAW — EVIDENCE.

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, are subject to direct review by the courts as provided by law; this review shall include, as a minimum, a determination whether such final decisions, findings, rulings and orders are authorized by law, and in cases where a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

3. APPEAL AND ERROR — ADMINISTRATIVE LAW — REVIEW — EVIDENCE.

A judicial review of an administrative decision to determine whether it is supported by competent, material and substantial evidence on the whole record considers the whole record, not just those portions supporting the findings of the administrative agency; such a review does not attain the status of *de novo* review, but necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by the agency.

4. ADMINISTRATIVE LAW — STATE EMPLOYEES — SUPPLEMENTAL EMPLOYMENT — CONFLICT OF INTEREST — EVIDENCE.

The mere logical possibility for conflict of interest between a state employee's proposed supplemental employment and his state

employment will not serve on appeal as a proper evidentiary basis for upholding the denial of the employee's request for supplemental employment.

*Fleming & Treciak,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General, State Affairs Division, for defendants.

Before: ALLEN, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendants Michigan Department of Civil Service and Department of State Police appeal the decision of Ingham County Circuit Court Judge Thomas L. Brown reversing the ruling of hearing officer Susan Schoettler upholding defendants' denial of plaintiff's request for supplemental employment. Plaintiff, a polygraph examiner employed with the State Police, was denied his request on the grounds that conflict of interest potentially existed between his duties as a State Police officer and any supplemental employment he might take. Defendants appeal as of right pursuant to GCR 1963, 806.1.

The facts of this case bear repetition. Plaintiff has been a Michigan State Police Officer for more than 20 years and has been employed as a polygraph examiner for approximately 7 years. On March 10, 1975, plaintiff sought permission from his superiors to engage in part-time employment as a polygraph examiner for private individuals. Though originally approved by his immediate superiors, plaintiff's request was ultimately denied by his appointing authority for the reason that "a polygraph examiner employed to run tests on a civil case could have disclosers *[sic]* made to him of

a criminal nature thereby obligating him to act in his capacity as a police officer and violating his trust to the employer".

Plaintiff pursued his civil service grievance procedure and on August 15, 1975, a hearing on the matter was conducted before hearing officer Susan Schoettler. At that hearing, plaintiff testified that the employment he sought would occupy no more than approximately 10 hours per month and that he would scrupulously avoid any matters which might raise the prospect of a conflict of interest. He would do so by strictly avoiding criminal matters.

Kent County Sheriff Philip Heffron testified that he had been a polygraph expert for the Kent County Sheriff's Office from 1969 until he became sheriff, several months before the hearing. Sheriff Heffron is a licensed polygraph examiner. During the time he performed duties as a polygraph examiner for the Kent County Sheriff's Office, he also engaged in part-time employment as a polygraph examiner for private individuals. He testified that by exercising care and being selective, conflicts of interest could easily be avoided. He testified at length regarding the nature of the part-time employment and its relation to his official duties. He testified that such part-time employment in no way conflicted with the performance of his official duties.

Major William Hassinger testified that he recommended the denial of plaintiff's request for supplemental employment. Major Hassinger testified that he is not a polygraph examiner. He testified that he denied plaintiff's request for supplemental employment because he felt that such employment conflicted with the rules of the department and the Civil Service Commission. He

testified that he felt such employment would place plaintiff in a compromising position in his capacity as a police officer.

On October 16, 1975, Civil Service Hearing Officer Schoettler rendered an opinion denying plaintiff's grievance on grounds that a "reasonable foreseeability of conflict of interest" existed and that existing rules could properly be used to support the denial of plaintiff's request. Plaintiff's application for leave to appeal to the Michigan Civil Service Commission was denied.

On July 26, 1976, plaintiff filed a petition in Ingham County Circuit Court for review of the hearing officer's decision. In an opinion filed July 13, 1977, Ingham County Circuit Judge Thomas L. Brown held that the denial of plaintiff's request to engage in supplementary employment was not supported by competent, material and substantial evidence on the whole record and thus that no factual foundation for the denial existed. Consequently, he reversed hearing officer Schoettler's ruling.

On appeal, defendants contend that the finding of the Civil Service Hearing Officer was supported by competent, material and substantial evidence and that plaintiff's application was correctly denied because of the potential for a conflict of interest.

Plaintiff Garchow sought supplementary employment in his expert capacity as a polygraph examiner. He projected that the time involved would amount to approximately 10 hours per month. The denial of such supplementary employment by his superior officers and the hearing examiner was based on Civil Service Commission Rule 8.5a, Department of State Police Official Order No. 61 of August 18, 1971, and 1973 PA 196 regarding stan-

dards of conduct and ethics of public employees. Civil Service Commission Rule 8.5a states:

"8.5 *Supplementary Employment.* No employee shall hold a full-time job, or its equivalent, in addition to his regular full-time state employment. Supplementary employment is not encouraged but is permitted under the following conditions:

"8.5a. That the additional employment must in no way conflict with the employee's hours of state employment, or in quantity or interest conflict in any way with satisfactory and impartial performance of his state duties."

Department of State Police Official Order No. 61 states, in relevant part, as follows:

"B. Supplementary Employment.

"Supplementary employment is not encouraged but is permitted under proper conditions.

"State and other governmental employment, much more than private employment, is open to public view and critical scrutiny. State employees therefore must consider that what they do as individuals will reflect on the state service either to its credit or discredit. For this reason, a state employee should not engage in any employment supplementary to his state work without carefully considering its possible effect on himself, his state job, and on the state service as a whole.

"(1) An employee, if he desires may hold a part-time job in addition to his regular full-time employment. This additional employment must in no way conflict with the employee's hours of work, or interfere in any way with the satisfactory and impartial performance of his duties.

"(2) Part-time employees shall not perform work for another employer which in quantity or nature interferes in any way with the rendering of satisfactory and impartial service.

"(3) Any supplementary part-time employment of full-time or part-time employees shall be in work situa-

tions which are in no way related to the employee's official duties; which would not in any way interfere with the rendering of completely impartial service and employment loyalty to the state; or which would in any way prevent the satisfactory fulfillment of duties as a state employee."

The standards of conduct and ethics of public employees, passed as 1973 PA 196 (MCL 15.342; MSA 4.1700[72], since repealed) specifies further standards of behavior:

"(5) A public officer or employee shall not engage in a business transaction in which he may profit from his official position or authority or benefit financially from confidential information which he has obtained or may obtain by reason of such position or authority.

"(6) A public officer or employee shall not engage in or accept employment or render services for any private or public interest when that employment or service is incompatible or in conflict with the discharge of his official duties or when that employment may tend to impair his independence of judgment or action in the performance of his official duties."

Consequently, the rules of departmental procedure and state standards of ethics indicate that the test to be used to determine the propriety of requests for supplemental employment would be the potential for conflict of interest with existing state employment. Hearing officer Schoettler found such potential conflict of interest and upheld the departmental denial of plaintiff's request. However, on review of the hearing provided plaintiff by officer Schoettler, we review that decision according to the specific standard recently noted by this Court:

"The Michigan Supreme Court noted the following

scope of review for administrative decisions in *University of Michigan Regents v Employment Relations Commission,* 389 Mich 96, 101; 204 NW2d 218 (1973):

" 'The proper scope of review of an opinion of an administrative agency is controlled both by constitution and statutory provision. Article 6, § 28 of the 1963 Constitution provides:

' " 'All final decisions, findings, ruling and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.' "

"What the Supreme Court means by 'competent, material and substantial evidence on the whole record' was determined in *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 117, 124; 223 NW2d 283 (1974):

" 'The cross-fire of debate at the Constitutional Convention imports meaning to the 'substantial evidence' standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency.' " *Masters v Highland Park,* 79 Mich App 77, 82-83; 261 NW2d 215 (1977).

Therefore, because the clear language and import of defendants' departmental rules focus upon the presence of conflict of interest with existing state employment, we are limited on appeal in this case to determining whether the hearing record

discloses "competent, material and substantial evidence" for defendants' denial of plaintiff's request. Despite the careful record provided by officer Schoettler, we do not believe competent, material and substantial evidence appears to justify her decision.

The only evidence in support of the finding against the plaintiff was the opinion testimony of Major Hassinger. However, we find his testimony was not the product of any substantial empirical data or practical experience. Rather his statements were fundamentally conclusory:

> "Number two, I feel that conflicts with our department rules. I feel it's a conflict of the Department of Civil Service Rules. And I feel that it conflicts with the Board of Ethics Rules as they govern the conduct of state employees.
> "I also feel that outside employment of that described or requested by Sergeant Garchow, would often put him in a compromising position in his capacity as a police officer, as opposed to that of an employee of a private agency. Those are some of the reasons that I denied it."

In fact, the thrust of Major Hassinger's testimony reflects more the desire to establish general departmental policy than to address and fairly weigh plaintiff's specific request. The advisability of establishing such a policy is not at issue in this case. However, to the extent Major Hassinger's testimony does address plaintiff's request we can see no substantial evidence to support his conclusion that supplemental employment would compromise plaintiff's existing position with the state. The mere logical possibility for conflict of interest, however reasonably conceived, will not serve on appeal as a proper evidentiary basis for upholding the denial of plaintiff's request. Without more on

the record than simple conclusions, no "competent, material and substantial" evidence appears to justify the finding of hearing officer Schoettler.

Balanced against the absence of testimony supporting defendants' position is substantial evidence presented in plaintiff's behalf. Though recognizing that "historically sheriff's departments are more lenient in their rules and regulations than are state or even city law enforcement agencies" and so recognizing further that sheriff agencies are "not governed by Civil Service rules and regulations", still we find very persuasive Sheriff Heffron's testimony that his experience demonstrated potential conflicts of interest between public and private supplementary employment could be easily resolved. We would also note that plaintiff did originally obtain the permission for supplemental employment from his post commander and from Detective Lieutenant Earl James, Commanding Officer of the Michigan State Police Polygraph Unit, Michigan State Crime Laboratory, whose capacity to recognize any inherent conflict of interest in plaintiff's request would be considerable. Consequently, we find solid evidence on the record in support of plaintiff's position.

Further, we find no conflict between plaintiff's request and the standards of conduct and ethics provided in 1973 PA 196. Though we recognize that plaintiff's training in polygraph examination was provided by the State of Michigan principally for the benefit of the Michigan State Police, we do not find this fact impels the conclusion that plaintiff would exploit his official position unethically were he to assume supplemental employment. There are sufficient safeguards against abusive use of this privilege. Utilization for private gain of a skill obtained incident to public employment is not

prohibited so long as such use does not compromise plaintiff's primary responsibility as a police officer. We see no evidence of compromise on this record. Further, no evidence appears on the record that polygraph examination has no possible use independent of its law enforcement function. We will not impute an improper motive to plaintiff's use of his skills in the private sector without any evidence on the record. We thus find no conflict . regarding plaintiff's potential supplemental employment with the guidelines established by 1973 PA 196.

Our holding in this matter should not be construed to preclude reasonable restrictions by defendants, so long as they do not constitute a denial but rather address conflicts of interest arising in fact between defendants' departmental requirements and plaintiff's supplemental employment. Having considered this matter and finding defendants' claim concerning the circuit court's decision without merit, we affirm the court below.

Affirmed.